IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | COMPLAINT |
| | ) | JURY TRIAL DEMAND |
| DRAPER DEVELOPMENT LLC d/b/a SUBWAY, | ) ) ) | 1:15-CV-877 (GLS/TWD) |
| Defendant. | ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Alysha Rizzicone and Joelle Jock ("Charging Parties"), as alleged with greater particularity in paragraphs 1314 (a)-(k) below. Defendant Draper Development LLC ("Defendant") discriminated against the Charging Parties on the basis of sex by subjecting them to sexual harassment and failing to hire them when one of its managers offered them jobs at a Subway restaurant owned by Defendant in exchange for sex through illicit text messages. When the Charging Parties did not comply with the request, they were not hired.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of New York and the City of Albany, with stores throughout the Capital District of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Alysha Rizzicone filed a charge with the Commission alleging violations of Title VII by Defendant.

7. More than thirty days prior to the institution of this lawsuit, Joelle Jock filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On March 11, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On May 13, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least October 2013, Defendant has engaged in unlawful employment practices at its Subway restaurant in the Schenectady, N.Y. area, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2.

14. The sexual harassment and unwelcome conduct of a sexual nature included, but is not limited to the following:

(a) On or about October 11, 2013, Alysha Rizzicone, who was 17 years old at the time, applied for a job online as a sandwich artist at one of the 24 Subway restaurants owned by Defendant.

(b) On or about October 15, 2014, Rizzicone received a text message that stated in relevant part:

Texter: Hi how badly do you need a job
Rizzicone: Who's this?

| | |
|---|---|
| Texter: | An employer |
| Rizzicone: | Where? |
| Texter: | In the mall |
| Rizzicone: | OK where in the mall? |
| Texter: | Would you sleep with the manager to get this job? |
| Rizzicone: | Maybe if ik who this is |
| Texter: | Subway |
| Texter : | I'm looking for an asst manager |
| Rizzicone: | Do y even know me? |
| Texter: | Bang my brains out the job is yours |

(c) During the exchange, the texter sent Rizzicone a "selfie" photograph and revealed that he worked at Defendant's Subway restaurant at the Rotterdam Square Mall in Schenectady, N.Y. When Rizzicone and her boyfriend went to the Subway at the Rotterdam Mall to complain about the offensive text, they encountered Nick Kelly, the store manager, who matched the photograph on the text message.

(d) Kelly, who was about 26 or 27 years old at the time, had been employed by Defendant as a store manager since at least January 2013, and in his capacity as store manager had the authority to recruit, hire, and terminate employees on behalf of Defendant.

(e) Time-stamped surveillance photographs from the Rotterdam Mall Subway show Kelly texting on his cell phone at the same time Rizzicone received the illicit text message described in (b) above.

(f) When Rizzicone refused to have sexual relations with Kelly in exchange for a job at Subway, she was not hired by Defendant.

(g) Joelle Jock was also 17 years old when she applied to one of Defendant's Subway restaurants for a job as a sandwich artist in October 2013. Jock applied in person and was interviewed by Kelly at the Rotterdam Mall Subway. There were two other male employees present during the interview and Kelly told Jock that, "He

      wanted to have a girl around." Kelly assured her the sandwich artist job was hers and that he would contact her the next day about schedules and other details.

(h)     The following day Jock received a text message asking her, "Do you want to f- -ck?" When she called back the phone number that the text message had been sent from, Kelly answered on his cell phone, and Jock concluded that Kelly required sex in exchange for giving her the job.

(i)     Jock went to the Rotterdam Mall Subway to confront Kelly, but a female manager told her that Kelly was not there. When Jock asked for her application, she was told her application, along with other applications, were "missing."

(j)     When Jock refused to have sexual relations with Kelly in exchange for a job at Subway, she was not hired by Defendant.

(k)     Rizzicone and Jock were subjected to harassment and not hired because of their sex (female).

15.     The unlawful employment practices complained of in paragraphs 13-14 (a)-(k) above were intentional.

16.     The unlawful employment practices complained of in paragraphs 13-14 (a)-(k) above were done with malice or with reckless indifference to the federally protected rights of Rizzicone and Jock.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

discrimination on the basis of sex, including sexual harassment and failing to hire on the basis of sex.

        B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants and which eradicate the effects of its past and present unlawful employment practices.

        C.      Order Defendant to make whole Rizzicone and Jock, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Rizzicone and Jock.

        D.      Order Defendant to make whole Rizzicone and Jock by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-14 (a)-(k) above, including, job search expenses and medical expenses not covered by an employer's employee benefit plan, in amounts to be determined at trial.

        E.      Order Defendant to make whole Rizzicone and Jock by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-14 (a)-(k) above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

        F.      Order Defendant to pay Rizzicone and Jock punitive damages for its malicious and reckless conduct, as described in paragraphs 13-14 (a)-(k) above, in amounts to be determined at trial.

        G.      Grant such further relief as the Court deems necessary and proper in the public interest.

        H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

.

P. David Lopez
General Counsel

.

James L. Lee
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

.

/s/Robert D. Rose
Regional Attorney
robert.rose@eeoc.gov

.

/s/ Nora E. Curtin
Supervisory Trial Attorney
nora.curtin@eeoc.gov

New York District Office
 33 Whitehall Street, 5th Floor
 New York, NY 10004-2112
 Telephone:  (212) 336-3704
 Facsimile:   (212) 336-3623

.

/s/ Judith A. Biltekoff
Trial Attorney

Buffalo Local Office
 6 Fountain Plaza, Suite 350
 Buffalo, New York 14202
 Telephone:  (716) 551-3394
 Facsimile:   (716) 551-4387
 judith.biltekoff@eeoc.gov