IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DRAPER DEVELOPMENT LLC, | ) ) |
| Defendant. | ) ) ) ) |

CIVIL ACTION
1:15-cv-877-GLS/TWD

## CONSENT DECREE

On July 21, 2015, Equal Employment Opportunity Commission ("EEOC"), brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII") to correct allegedly unlawful employment practices on the basis of sex and to provide appropriate relief to Alysha Rizzicone and Joelle Jock who were allegedly affected by such practices. EEOC's Complaint alleged that Defendant Draper Development LLC ("Defendant") violated Title VII when Nick Kelly, the Manager of one of Defendant's restaurants located in Schenectady, NY, subjected two teenage female job applicants to sexual harassment.

As alleged in the Complaint, Charging Party Alysha Rizzicone, who applied for a job on-line, received a text message from Kelly about a job and stating, "Bang my Brains out and the job is yours." Joelle Jock applied in person for a job. The next day she allegedly received a text message from him asking, "Do you want to fuck?"

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

# PART I  GENERAL PROVISIONS

## Section 101  Purpose of this Decree

A. EEOC and Defendant desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties.

B. The Decree resolves all issues that were raised in EEOC's Complaint and EEOC Charges of Discrimination Numbers 525-2014-00037 and 525-20014-00335, which served as the jurisdictional prerequisite in this case. This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against Defendant, and to commence civil actions on any such charges.

C. No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

D. The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

## Section 102  Definitions

A. Days: Days means business days, that is, official working days of the week including Monday through Friday, excluding weekends and Federal holidays.

B. Effective date: The effective date of this Decree will be the date it is docketed by the clerk of court after it is signed by and/or receives approval from the Court.

## Section 103  Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation

Defendant will provide written notice to EEOC at least twenty-one days before any

transfer of its business. In the event that there is substantial continuity of Defendant's business operations after the transfer of the business, the terms of this Decree will apply to the purchaser/transferee.

**Section 104    Amendments to this Decree**

By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

**Section 105    Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to insure this Decree continues to effectuate the intent of the parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106    Breach of Decree**

Breach of any term of this Decree by either party will be deemed a material and substantive breach of this Decree. Nothing in this Decree will be construed to preclude either party from bringing proceedings to enforce this Decree if either party fails to perform any of the terms contained herein.

**Section 107  Method and Persons Designated to Received Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed, hand delivered, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

**For EEOC:**
Charles Coleman Jr., Senior Trial Attorney
Equal Employment Opportunity Commission
33 Whitehall St., 5th Fl.
New York, NY, 10004
Telephone 212-336-3699
E-mail: charles.coleman@eeoc.gov
and decreemonitor.nydo@eeoc.gov

**For Defendant:**
Lawrence Jasenski, Jr.
Draper Development LLC.
4 Fritz Blvd
Suite #2
Albany, New York 12205
E-mail: ljasenski@gmail.com

Any party may change such addresses by written notice to the other parties setting forth a new address for this purpose.

## PART II  INJUNCTIVE RELIEF

**Section 201 Injunctions**

    A.    Defendant, its managers, officers, agents, and any other person or entity acting on behalf of Defendant, are hereby enjoined from engaging in an employment practice that discriminates on the basis of sex in the following manner:

        1. Conditioning hiring decisions for applicants, and terms and conditions of employment for employees, on the granting of sexual favors; and

        2. Otherwise sexually harassing applicants and employees.

B. Defendant, its managers, officers, agents and any other person or entity acting on behalf of Defendant, are hereby enjoined from retaliating against any employee or applicant, including but not limited to an employee or applicant who complains of discrimination, who oppose practices he or she consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination.

**Section 301 Posting and Distribution of Notices**

A. **Posting of Notice of Resolution**

Within seven business days of the effective date of this Decree, Defendant will conspicuously post and maintain a "Notice of Lawsuit and Resolution" in all of its restaurants in prominent places where employee notices are posted. Defendant will certify in writing to EEOC within seven business days after it has posted the Notice of Lawsuit and Settlement, pursuant to this provision. A copy of the Notice of Lawsuit and Resolution is attached as Exhibit A.

**Section 302 Non-Discrimination Policy and Complaint Procedures**

A. **Content of Non-Discrimination Policies and Procedures**

1. Within seven business days after this Decree is executed by the parties, Defendant will adopt a revised anti-discrimination policies and complaint procedures ("Policies and Procedures"), setting forth its commitment to equal opportunity in all aspects of employment. The policy for non-supervisory Draper employees should, at a minimum, contain the following: (1) a detailed explanation of the prohibition against all forms of unlawful discrimination, and specifically sex-discrimination and sexual harassment; (2) a detailed explanation defining the different types of sexual harassment including, but not limited to, verbal, non-verbal, visual, physical, and electronic; (3) a clearly described complaint process that provides accessible avenues of complaint with a number of choices of individuals to whom

5

complaints can be made; (4) an assurance that Defendant will accept any and all complaints from employees who wish to file complaints (5) an assurance that the filing of anonymous complaints is permitted and include safeguards to preserve the anonymity when requested by a complainant; (6) an assurance that Defendant will keep confidential to the extent possible and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants (if the matter enters a public forum, Defendant may respond); (7) a process that provides a prompt, thorough, and effective investigation; (8) an assurance that upon completion of an investigation into a discrimination complaint, the complainant and the respondent will promptly receive a summary of the conclusions reached as a result of the investigation; (9) an assurance that Defendant will take prompt and appropriate corrective action when it determines that discrimination has occurred; (10) an assurance that Defendant will not retaliate against employees who complain of discrimination, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination. (The Policy Against Sexual and Other Unlawful Harassment is attached as Exhibit B).

    The policy for supervisory and managerial employees should include all of the provisions outlined in the preceding paragraph, along with (11) a requirement that all aspects of an investigation be thoroughly documented in written form. (The General and Regional Manager's Additional Policy against Sexual and Other Unlawful Harassment is attached as Exhibit C).

    Attachment of the Policies and Procedures does not constitute a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

B.  **Issuance of Policies and Procedures**

1. Within seven business days of the effective date of this Decree, Defendant will distribute to each employee, a copy of its revised Policy Against Sexual and Other Unlawful Harassment. (Attached as Exhibit B). Defendant will also distribute to each managers and supervisor the revised General and Regional Manager's Additional Policy against Sexual and Other Unlawful Harassment. (Attached as Exhibit C). The Sexual Harassment Policies and Procedures will not be modified without EEOC approval.

2. Within seven business days of providing its employees with copies of its Policies and Procedures concerning discrimination, Defendant will certify in writing to EEOC that it has complied with this provision.

3. Within seven days of hire, Defendant will provide all new employees with a copy of its Policies and Procedures concerning discrimination.

4. On an annual basis beginning six months after entry of this Decree and every year thereafter, Defendant will certify in writing to EEOC that it has distributed the Policies and Procedures to all employees in administrative, managerial, and supervisory roles, and to all other employees, included them in its handbook, made them available on its website, and provided them to new employees, in accordance with the above terms.

**Section 303    Training**

Defendant will provide training for all of its (a) non-supervisory employees, (b) supervisory and managerial employees, and (c) human resource employees and COO. The training will be conducted on line, by Inifinisource. In the event Defendant intends to change the training or provider, Defendant will notify EEOC at least three weeks in advance of any change and provide the identity of new proposed trainer and content for approval.

### A. Bi-Annual Training for Draper COO, Human Resources Manager, Supervisors and Managers

1. Bi-Annual Training

EEOC recognizes that Draper COO, Human Resource Manager, and supervisors and managers were trained in October 2018 and additional training will be given every March and September beginning in 2019 pursuant to the Decree.

2. Content of Training

The training for Draper COO and human resources managers and employees will review the rights and responsibilities under federal anti-discrimination laws and how such laws define unlawful discrimination with a focus on sexual harassment. The training will include examples of unlawful conduct and how to properly handle a complaint or knowledge of potential harassment. The training also will cover anti-retaliation provisions of the law. Reference to the training in this Decree is not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

### B. Annual Training for Non-supervisory Employees

1. Annual Training

EEOC recognizes that Draper COO, Human Resource Manager, and supervisors and managers were trained in October 2018 and additional training will be given every March and September beginning in 2019 pursuant to the Decree.

2. Subjects of Annual Training

The training for all non-supervisory employees will review the rights and responsibilities of employees under federal anti-discrimination laws with a focus on sexual harassment. The training will include examples of unlawful conduct and an employee's right to file with EEOC and state or local agencies. Defendant will make available a computer for

employees to access and to complete the training. The training also will cover anti-retaliation provisions under the law. Reference to the training in this Decree is not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

### C. Orientation for New Employees

Within fourteen days of hire, new employees, as part of their orientation, will meet either individually or in small groups, with human resources to review and explain the rights and responsibilities of employees under federal anti-discrimination laws and how such laws define unlawful discrimination, including examples of unlawful conduct. The session will also provide a detailed review and explanation of Defendant's anti-discrimination policies and procedures with particular emphasis on the internal complaint and anti-retaliation provisions.

### D. Reporting Requirements for Training

Within six months after the effective date of the Decree, and every year thereafter, Defendant will provide EEOC with a letter stating that all employees have received training as delineated herein.

### E. Training Attendance

EEOC, at its discretion, may attend and observe one or more of the training sessions.

## Section 304 Monitoring and Reporting

### A. Monitoring by EEOC

EEOC may monitor compliance with this Decree by Defendant through the inspection of Defendant's premises and records, and interviews with Defendant's officers, agents, employees, and contractors at reasonable times. Defendant will make available for inspection and copying any records related to this Decree upon request by EEOC.

### B. Reporting Requirements for Discrimination Complaints

Within seven business days of the effective date of this Decree Defendant will provide a written report to EEOC with information regarding any verbal or written complaints of discrimination from employees or applicants, which were received, pending or closed during the preceding six months. The report will include the name of the complainant, the name of the alleged harasser or discriminator, a list of each step taken by Defendant during the investigation, a summary of the complaint, the location, the results of any investigation of the complaint, and any remedial action taken by Defendant.

Defendant will provide a comparable report every year after from the effective date of the Decree.

### Section 305 Compliance with Record-Keeping Requirements

Defendant will maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

### PART IV MONETARY RELIEF

A. Within ninety days after the effective date of this Decree, Defendant will pay the total gross sum of $80,000, to be distributed as set forth in subsections B-G below.

B. Within ninety days after the effective date of this Decree, Defendant will pay to Charging Party Alyssa Rizzicone, the total gross sum of $55,000.

C. $44,365 of the $55,000 for Rizzicone is designated as compensatory damages. Defendant will send the check and an IRS Form 1099 via certified mail, return receipt requested, to Alysha Rizzicone, at the address provided by EEOC within ninety days of entry of this Decree. A copy of the check will be provided to EEOC immediately upon its issuance.

D. $10,635 of the $55,000 for Rizzicone is designated as back wages. Defendant will send the check and an IRS Form W-2 via certified mail, return receipt requested, to Alysha Rizzicone, at the address provided by EEOC within ninety days of entry of this Decree. A copy of the check will be provided to EEOC immediately upon its issuance.

E. Within ninety days after the effective date of this Decree, Defendant will pay to Charging Party Joelle Jock, the total gross sum of $25,000.

F. $20,248 of the $25,000 for Jock is designated as compensatory damages. Defendant will send the check and an IRS Form 1099 via certified mail, return receipt requested, to Joelle Jock at the address provided by EEOC within ninety days of entry of this Decree. A copy of the check will be provided to EEOC immediately upon its issuance.

G. $4,752 of the $25,000 for Jock is designated as back wages. Defendant will send the check and an IRS Form W-2 via certified mail, return receipt requested, to Joelle Jock at the address provided by EEOC within ninety days of entry of this Decree. A copy of the check will be provided to EEOC immediately upon its issuance.

**PART V    SIGNATURES**

Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs.

**PART VI    DURATION OF DECREE**

A. This Decree will remain in effect for three years after the effective date of this Decree. The Decree will not expire against any signatory as to the subject of any enforcement action while that action is pending against that signatory.

B. The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the

relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

**Attachments:**

Exhibit A: Notice of Lawsuit and Resolution

Exhibit B: Defendant's Policy against Sexual and Other Unlawful Harassment

Exhibit C: The General and Regional Manager's Additional Policy against Sexual and Other Unlawful Harassment

**FOR PLAINTIFF EEOC**

Dated: 11/28/18

Jeffrey Burstein, Regional Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th floor
New York, NY 10004-2112
E-mail: jeffrey.burstein@eeoc.gov

Dated: November 28, 2018

Nora E. Curtin, Supervisory Trial Attorney,
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th floor
New York, NY 10004-2112
E-mail: nora.curtin@eeoc.gov

Dated: November 28, 2018

Charles Coleman Jr., Senior Trial Attorney
Equal Employment Opportunity Commission
33 Whitehall St., 5th Fl
New York, NY, 10004
E-mail: charles.coleman@eeoc.gov

Dated: 11/26/2018

**FOR DEFENDANT**

_____
Lawrence Jasenski, Jr.
Draper Development, LLC., Owner
4 Fritz Blvd
Albany, New York 12205
(518) 869-3986

Dated: 11/27/2018

_____
Cynthia LaFave, Esq.
LaFave, Wein, and Frament, PLLC
Attorney for Defendant
2400 Western Ave.
Guilderland, NY 12084
E-mail: CLaFave@lwflegal.com

APPROVED IN FORM AND CONTENT:

SO ORDERED this 10th day of December, 2018.

_____
United States District Judge Gary L. Sharpe